RENDERED: SEPTEMBER 4, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-000190-MR

LORELEI OIL AND GAS, LTD.          APPELLANT

APPEAL FROM MARTIN CIRCUIT COURT
v.      HONORABLE JOHN DAVID PRESTON, JUDGE
ACTION NO. 19-CI-00036

WALKER AND ASSOCIATES, INC.
AND MICHAEL S. WALKER          APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: ACREE, DIXON, AND K. THOMPSON, JUDGES.

ACREE, JUDGE: Appellant, Lorelei Oil & Gas, Ltd. (Lorelei), appeals the Martin

Circuit Court's January 21, 2020 order granting summary judgment in favor of

Appellees, Walker and Associates, Inc. and Michael S. Walker, individually

(Walker). Upon careful consideration, we reverse and remand for further

proceedings.

## BACKGROUND

Lorelei is a limited partnership consisting of multiple investors. It entered into an operating agreement with Walker on June 15, 1989, designating Walker as the operator and agent of two natural gas wells – Ebb Castle Well 1 and Ebb Castle Well 2. According to Lorelei, it requested an accounting from Walker for the years 2015-2017. Unhappy with the documents furnished, Lorelei filed a petition for an accounting in Martin Circuit Court.

Walker moved for summary judgment. The circuit court granted the motion, concluding Lorelei failed to produce any documentation to establish its ownership of a working interest in the wells; thus, it lacked standing to seek an accounting. Lorelei appealed.

Before this court, Walker moved to strike Lorelei's brief. As grounds, Walker stated Lorelei's brief violated Kentucky Rule of Civil Procedure (CR) 76.12(4)(c)(iv) in two ways: (1) by failing to include any citation to the record; and (2) by asserting facts that cannot be supported by the record. In a separate order, this Court denied the motion to strike but agreed that Lorelei's brief failed to substantially comply with the Rule and concluded the proper sanction was a review of the claims of error for manifest injustice only.

# REVIEW FOR MANIFEST INJUSTICE

A circuit court may only enter summary judgment if it concludes there are "no genuine issues of material fact and that the moving party [is] entitled to judgment as a matter of law." *Cabrera v. JBS USA, LLC*, 568 S.W.3d 865, 868 (Ky. App. 2019). We conclude a genuine issue of material fact appears on the face of the circuit court's order granting summary judgment. Hence, we find manifest error.

The summary judgment is internally inconsistent. First, it states:

> On June 15, 1989, [Walker] entered into an Operating agreement with [Lorelei] for Ebb Castle Wells 1 and 2. ***The Operating Agreement recited that [Lorelei] was a working interest owner in those wells***.

(Order Granting Summary Judgment, January 21, 2020, Record (R.) at 141 (emphasis added)). Then, later in the order it concludes:

> [Lorelei] has filed a response and objection to the motion for summary judgment, but that response does not cite the Court to any specific lease assignment or other documentation showing [Lorelei's] ownership of a working interest in the wells in question.
>
> At argument on the motion, [Lorelei] once again failed to produce any documentation as to its ownership interest in the working interest in the wells in question. Since [Lorelei] ***cannot produce any documentation evidencing its ownership interest or working interest*** in the wells in question, it is clear that [Walker is] entitled to summary judgment.

(*Id.* at 142 (emphasis added)).

The contradiction is patent. The summary judgment says both that Lorelei "was a working interest owner" based on documentation in the record, and then says Lorelei failed to present documentation of a working interest. We cannot and do not reconcile this contradiction. Clearly, whether Lorelei has a working interest in the wells is a material fact and, just as clearly, there is a genuine issue as to which of these mutually exclusive positions is correct.

Because this is dispositive of the appeal, we do not address Lorelei's remaining arguments.

## **CONCLUSION**

Based on the foregoing, we find manifest error in the Martin Circuit Court's January 21, 2020 order granting summary judgment. We reverse and remand for further proceedings.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Eldred E. Adams, Jr.
Louisa, Kentucky

BRIEF FOR APPELLEES:

Brian Cumbo
Inez, Kentucky